Lester Holtzman, J.
Two motions by plaintiffs in an action for a declaratory judgment and1 injunctive relief, (1) for summary judgment and (2) for an order modifying defendants’ demand for a bill of particulars.
(1) The plaintiffs and the defendants are the owners of adjoining houses located in this county. Both houses as well as a number of dwellings on the same block were constructed in 1950 by a common grantor from whom the plaintiffs derive title. Defendants purchased their property from the individuals to whom the common grantor had originally conveyed. During the construction of the dwellings on the east side of 201st Street, the common grantor installed electrical services running from Consolidated Edison’s conduit line in the bed of 201st Street and then ran a feeder line eastward to a loop connection in Mo. 50-27 — 201st Street and then installed a branch running south to Mo. 5CL29 and another branch running north ¿cross defendants’ premises to a party wall into the house owned by plaintiffs. The electric line has been maintained as it was originally installed to the present time.
The plaintiffs are now desirous of increasing the electric service to a 100 amperes, 220 volts, from the present 30 amperes, 110 volts. The affidavit submitted by a licensed electrician, in support of the instant motion, states that he has advised plaintiffs to replace the existing two Mo. 8 BB wires with three Mo. 2 TW wires, as they would be' sufficient to comply with the Mew York City Building and Electric Codes. This connecting and “ pulling ” of the three Mo. 2 TW wires would be done by the Consolidated Edison Company through the existing conduit and existing wall boxes. The affidavit goes on to state that the work could be done in a very short time and would in no way disturb defendants’ electric service. The defendants"have refused to permit plaintiffs or Consolidated Edison Company to enter their premises and rewire the electrical service. The plaintiffs claim an implied easement and also an easement by prescription over defendant’s property.
*398 The elements of the New York rule on implied easements are these: “ 1. The estates presently resting in the hands of different owners must formerly have been in unitary ownership ; 2. While so formerly held in one estate, a use must have been created by the owner either in which one part of the land was subordinated (made ‘ subservient ’) to another; or such a use made of the two parts as to create a reciprocal subordination; 3. The use made must be plainly and physically apparent on reasonable inspection; 4. It must affect the value of the estate benefitted and must be necessary to the reasonable use of such estate.” (Jacobson v. Luzon Lbr. Co., 192 Misc. 183,185, affd. 276 App. Div. 787, affd. 300 N. Y. 697.) As Judge Bergan stated in the Jacobson case (supra, p. 184-185): “ Perhaps the most simple, and at the same time complete, statement of this rule appears in the opening paragraph of the opinion of Brows, J., in Paine v. Chandler (134 N. Y. 385, 387). It is this: * that when the owner of land sells a part thereof he impliedly grants to the grantee all those apparent and visible easements which are necessary for the reasonable use of the property granted, and which are at the time of the grant used by the owner of the entirety for the benefit of the part granted. ”
In the instant case, the estates presently resting in the hands of the plaintiffs and the defendants were formerly in a unitary ownership. While so held in unitary ownership, a use was created by the then owner in which the land of the defendants was subordinated to that of the plaintiffs. The use was piairily and physically apparent on reasonable inspection by one conversant with the potential use of the property. (See 3 Powell, Real Property, par. 411 p. 428.)
The use affected the value of the land now owned by the plaintiffs and was necessary to the reasonable use of such land. Where, as here, title derives from a common grantor, it is not necessary that there be a strict or absolute necessity for the establishment of an easement by implication. (Jacobson v. Luzon Lbr. Co., supra; cf. Sabatino v. Vacarelli, 35 N. Y. S. 2d 635, affd. 264 App. Div. 742.)
The requisite necessity to the establishment of an implied easement must exist as of the date of severance and not at some later time. (Clark v. Finen, 138 N. Y. S. 2d 204, app. dsmd. 286 App. Div. 984.) At the time of the purchase of this property, as hereinabove set forth, there is no question but that the extension of the electric conduit across the premises now owned by the defendants affected the value of the plaintiffs’ premises and was necessary to the reasonable use of such prem *399 ises. The subsequent sale to the defendants could not destroy the easement already granted by implication to the plaintiffs’ land.
Since the increase in electrical requirements of the plaintiffs’ . premises has arisen as the result of the normal evolution of such premises and since the increase in the burden upon defendants’ premises is relatively insignificant, the court is of the opinion that the plaintiffs have the right to enlarge the user in accordance with their present requirements. (Cf. Herman v. Roberts, 119 N. Y. 37, 42; McMillan v. Cronin, 75 N. Y. 474; Tong v. Feldman, 152 Md. 398.) Since there are no issues of fact, the plaintiffs are entitled to summary judgment for the relief demanded in the complaint.
(2) In view of the decision hereinabove stated, this branch of the motion is now academic.