## (March 10, 1969)

ALGONQUIN GAS TRANSMISSION COMPANY, Plaintiff, v. ENRICO GALLI et al., Respondents, and OWEN B. CARRAGHER et al., Appellants, et al., Defendant.— In a condemnation proceeding, defendants Owen B. and Josephine M. Carragher appeal from so much of an order of the Supreme Court, Westchester County, dated March 25, 1968 and made upon reargument, as directed that the sum of $1,900, deposited by plaintiff pursuant to a prior order of the court dated July 18, 1967 with the Commissioner of Finance of Westchester County as a settlement, be paid to defendants Enrico and Ersilia Galli. Order modified, on the law and the facts, by deleting therefrom the provision that said sum be paid to Enrico and Ersilia Galli and substituting therefor a provision that said sum be paid as follows: to Enrico and Ersilia Galli $1,335 thereof for consequential damages sustained by them upon the installation of the gas line by plaintiff under the order directing immediate entry upon their land; and to Owen B. and Josephine M. Carragher $565 thereof for the title to the easement. As so modified, order affirmed insofar as appealed from, without costs. This is a dispute between the former owners, defendants Galli, and the present owners, defendants Carragher, of certain real property located at 5 Fairview Avenue, Yorktown Heights, New York, over who should receive the proceeds of a condemnation settlement of $1,900 made for the granting of a pipeline easement to plaintiff gas company and reached solely by negotiation between the Gallis and the gas company. The condemnation proceeding was commenced on May 7, 1963 while the Gallis were the owners of the property; and on May 20, 1963 an order for temporary possession upon the deposit of $210 with the County Treasurer was made pursuant to section 24 of the Condemnation Law. The effect of this order was to give immediate use of the land to plaintiff who assumed the risk of a contrary determination of any issues raised in its petition which would render it liable for any expenses and damages caused to the owner. Thereafter, on November 21, 1964 an interloctory judgment was made declaring plaintiff to be entitled to the easement on making compensation therefor. On May 16, 1965 the Gallis contracted to sell the property to the Carraghers and on July 26, 1965 the property was conveyed. Neither the contract nor the deed contained any reservations and none were made, either oral or written. Although the instant record is not clear as to the exact date when the pipeline was installed, it is clear that the work was completed before

the property was conveyed. On October 29, 1965, at a conference between the Gallis and the gas company, the $1,900 settlement was reached. The gas company thereafter found that the property had been conveyed and required certain releases to be signed by the new owners. Since the Carraghers refused to sign the releases, plaintiff made a motion on notice to all parties, including the Carraghers, to, *inter alia*, (1) be permitted to deposit the $1,900 in court, (2) add the Carraghers as parties defendant and (3) have title to the easement vest upon making the specified deposit; and by order dated July 18, 1967, this relief was granted. No appeal was taken from that order. As to which party is entitled to the settlement money where legal ownership and title have been transferred between the time of the initial interlocutory condemnation judgment and the final order which vested title, the New York law is well established that " he from whom the title of the condemned property is taken is entitled to the compensation " (*Matter of Van Etten v. City of New York*, 226 N. Y. 483, 489). It is also clear that " As to acts of the condemnor which are in their nature trespasses or which work consequential damages, as distinguished from compensation in eminent domain, the right to recover the damages flowing from them is in the owner at the time the injury is done " (*ibid.*). The Court of Appeals in *Van Etten*, in concluding that title does not pass until compensation is paid, rationalized that payment and the passing of title are presumably simultaneous acts and, because the divesting of title is the act which created the right to compensation, the person from whom title is taken, not his grantor or grantee, is to be paid the compensation awarded. In the instant case, the interlocutory judgment of November 21, 1964 merely gave plaintiff the prospective right to obtain the easement and that right would vest only upon filing of the order fixing the award. Since the conveyance was made without reservation to the Gallis of the right to compensation, there was, in effect, an assignment; and the right to compensation, insofar as it is for the taking of the fee interest, belongs to the owner of the property at the time the award is made. Since there was no appeal from the order of July 18, 1967, both the Gallis and the Carraghers are precluded from questioning the total compensation amount of $1,900. Moreover, it is the opinion of this court that $1,900 is a fair and reasonable value assigned to the damages sustained and the rights relinquished by the owners. The allocation contained in the record of $10 for the title to the easement and $1,890 for the consequential damages is found to be arbitrary and unreasonable. The proof before the court established the consequential damage sustained by the Gallis to have been $1,335. The balance of the fund must be presumed to have been intended to be in compensation for the title taken and should have been awarded to the Carraghers. Beldock, P. J., Christ, Benjamin, Munder and Martuscello, JJ., concur.