■ RYERSON TOWER, INC., Appellant, v ST. JAMES TOWERS, INC., Respondent.—In an action, *inter alia,* for a judgment declaring that the plaintiff has an easement to use a driveway and parking lot belonging to the defendant in order to make certain deliveries and repair visits to the rear entrance of its building, the plaintiff appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated February 27, 1986, which denied its motion to reject, and granted the defendant's cross motion to confirm, the report of a Referee (Ventiera, J.H.O.), which concluded that no easement existed.

Ordered that the order is reversed, on the law, with costs, the cross motion is denied, the motion is granted, and it is declared that an easement by implication was created in favor of the plaintiff to use the defendant's driveway and parking lot for such deliveries and repairs as have previously been made through said area, under such limitations as to time and manner as may be reasonably imposed.

An implied easement arises when two adjacent parcels of land were previously held in common title and an intent can be ascertained from the circumstances surrounding the land's previous use and the conveyance that the holder of one parcel is to have a right to pass through the other parcel, or to make some other such limited use of it (49 NY Jur 2d, Easements and Licenses in Real Property, § 50, at 137-138). Its elements are often stated as follows: "1. The estates presently resting in the hands of different owners must formerly have been in

unitary ownership; 2. While so formerly held in one estate, a use must have been created by the owner either in which one part of the land was subordinated * * * to another; or such a use made of the two parts as to create a reciprocal subordination; 3. The use made must be plainly and physically apparent on reasonable inspection; 4. It must affect the value of the estate benefited and must be necessary to the reasonable use of such estate" *(Jacobson v Luzon Lbr. Co.,* 192 Misc 183, 185-186, *affd* 276 App Div 787, *affd* 300 NY 697; *Willow Tex v Dimacopoulos,* 68 NY2d 963, *approving the reasoning of the trial ct at* 120 Misc 2d 8, 11-12).

In this case, the history of the development of the defendant's property, the plaintiff's property and a third parcel (not involved in this litigation), pursuant to the New York Limited-Profit Housing Companies Law (Private Housing Finance Law § 10 *et seq.),* as a series of cooperatively owned buildings commonly known as a "Mitchell-Lama" project, the location of the ramps leading to the rear basement entrances of the three buildings, the position of the defendant's parking lot immediately adjacent to the ramp of the plaintiff's building, the continuous use of the defendant's parking lot from the very start by the developer and by the plaintiff's agents to make deliveries and service calls to the rear basement of the plaintiff's building and the lack of reasonable alternatives for gaining access to this ramp, all indicate that the common owner of the parcels prior to their conveyance to the individual cooperatives and that owner's agents, intended that the building now belonging to the plaintiff have an easement to the parking lot on the property now owned by the defendant for such use, and that the plan for such use commenced during unitary ownership *(see, Jacobson v Luzon Lbr. Co., supra; cf., Huggins v Castle Estates,* 36 NY2d 427; *Marra v Richards,* 45 Misc 2d 396). For the same reasons, use of the parking lot was necessary to the reasonable use of the plaintiff's rear basement entrance and ramp *(cf., Spencer v Kilmer,* 151 NY 390). The alternatives suggested by the defendant and the Referee—delivering and servicing heavy equipment from a distance of approximately 200 feet instead of 25 feet, or tearing down sidewalk and landscaping for a half-block length to build a driveway on the plaintiff's property for these occasional deliveries—are not reasonable, while limited use of the defendant's parking lot imposes minimal intrusion or inconvenience to the defendant *(compare, Heyman v Biggs,* 223 NY 118, 126-127; *Buck v Allied Chem. Corp.,* 77 AD2d 782). Under these circumstances, an easement over the defendant's

driveway and parking lot was created by implication. Eiber J. P., Kunzeman, Sullivan and Harwood, JJ., concur.