■ CENTRAL DOVER DEVELOPMENT CORPORATION, Appellant-Respondent, v TOWN OF DOVER, Respondent-Appellant. [623 NYS2d 884] —In an action to recover damages for the de facto taking of a parcel of real property, (1) the plaintiff appeals from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered September 2, 1993, which, *inter alia*, denied

the plaintiff's motion to (a) declare that it is the real party in interest and (b) grant Wayne G. Tanner leave to intervene, and granted the defendant's cross motion to dismiss the complaint, and (2) the defendant cross-appeals, as limited by its brief, from so much of an order of the same court, entered April 12, 1990, as granted the plaintiff's motion for partial summary judgment on the issue of liability.

Ordered that the order entered September 2, 1993, is reversed, on the law, the defendant's cross motion to dismiss the complaint is denied, the complaint is reinstated, the plaintiff's motion is granted in that (a) it is declared that the plaintiff has standing and (b) Wayne Tanner is granted leave to intervene in this action, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith; and it is further,

Ordered that the order entered April 12, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff commenced this action to recover damages for the de facto taking of a portion of its property on which the defendant Town of Dover had relocated part of Chestnut Ridge Road. There is no dispute that the Town did not bring a condemnation proceeding under the Eminent Domain Procedure Law and did not pay compensation when notified of the plaintiff's claim. After initially granting summary judgment to the plaintiff on the issue of liability, the Supreme Court dismissed the complaint on the ground that the plaintiff was not the proper party to obtain compensation for the taking.

The Town waived the defense that the plaintiff was not a proper party by failing to raise this claim in its answer or in a pre-answer motion to dismiss the complaint (see, CPLR 3211 [e]; Matter of Prudco Realty Corp. v Palermo, 60 NY2d 656). The issue was not raised until the start of an inquest on damages, almost four years after the action was commenced.

In any event, the plaintiff has standing to prosecute this action. The evidence in the record supports the Supreme Court's determination that the relocation of the road was completed in 1987 and that the plaintiff was deeded the property in 1988. It is well settled that the person or entity from whom title to the property is taken is entitled to the compensation to be awarded (see, Matter of Van Etten v City of New York, 226 NY 483). Where a de facto taking is established, the government is required to purchase the property from the owner and, at that point, title is actually

transferred *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 357). Consequently, since title has not yet been transferred to the Town, the plaintiff, rather than the previous owner, is entitled to compensation. In addition, the facts in this case establish that the deed to the plaintiff was an assignment of the prior owner's interest in this claim *(see, e.g., Algonquin Gas Transmission Co. v Galli,* 31 AD2d 937).

We find that, under the circumstances of this case, the court erred in denying the application of Wayne Tanner, a prior beneficial owner of the property, to intervene in this action *(see, Key Intl. Mfg. v Morse/Diesel, Inc.,* 142 AD2d 448; CPLR 1002, 1013).

The Town's contention that the plaintiff failed to establish the elements of a de facto taking is without merit *(see, O'Brien v City of Syracuse, supra; City of Buffalo v Clement Co.,* 28 NY2d 241), and the court properly granted the plaintiff partial summary judgment on the issue of liability. The matter is remitted for further proceedings consistent herewith, including an inquest on the issue of damages.

We have examined the Town's remaining contentions and find them to be without merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.