■ CENTRAL DOVER DEVELOPMENT CORPORATION, Respondent-Appellant, v TOWN OF DOVER, Appellant-Respondent. [680 NYS2d 668] —In an action, *inter alia,* to recover damages for the de facto taking of a parcel of real property, the defendant appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated June 2, 1997, as is in favor of the plaintiff and against it in the principal sum of $48,525, and awards the plaintiff an attorney's fee in the principal sum of $7,684.75, and the plaintiff cross-appeals from so much of the same judgment as awards it an attorney's fee only in the principal sum of $7,684.75 and denies it engineer and appraisal fees.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, Central Dover Development Corporation, commenced this action alleging that the defendant, the Town of Dover, without the prior institution of condemnation proceedings, unlawfully relocated a portion of Chestnut Ridge Road onto its land. The plaintiff sought just compensation, and in its second cause of action, alleged that it was entitled to a reasonable attorney's fee and the costs incurred in the action. The Supreme Court granted the plaintiff's motion for partial summary judgment on the issue of liability, and this Court affirmed that determination (*see, Central Dover Dev. Corp. v Town of Dover,* 213 AD2d 367).

On April 9, 1996, an inquest was held. Two experts (one for each party) testified regarding just compensation for the de facto taking of two-tenths of an acre of land, the value of which is enhanced by sand and gravel deposits. The Supreme Court was correct in accepting the valuation rendered by the plaintiff's expert, who took into account the existence of the sand and gravel deposits in the land insofar as they influenced its market value. In considering how the deposits enhanced the value of the land, the expert was able to accurately measure their fair market value since the plaintiff's assignor had a lease with Stuart Bates, Inc., which set forth what Stuart Bates, Inc., as a willing buyer, would pay and what the assignor, as a willing seller, would accept in an arm's-length transaction for the right to remove the existing deposits. Those figures took into account the business value of the deposits and reflected an appropriate measurement of the land's enhancement (*cf., Belott v State of New York,* 26 AD2d 749).

Under the circumstances of this case, the Supreme Court did

not improvidently exercise its discretion in awarding an attorney's fee and denying the plaintiff's request for engineering and appraisal fees (*see,* EDPL 701; *Hakes v State of New York,* 81 NY2d 392, 397; *Matter of Town of Islip v Sikora,* 220 AD2d 434). Ritter, J. P., Santucci, Joy and Florio, JJ., concur.