■ BRADLEY KAPLAN, Respondent, v QUEENS OPTOMETRIC ASSOCIATES, P.C., et al., Appellants. [739 NYS2d 461] —In a shareholders' derivative action, inter alia, for an accounting and injunctive relief, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated December 8, 2000, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), or, alternatively, for summary judgment dismissing the complaint, and granted that branch of the plaintiff's cross motion which was, in effect, to compel certain discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that "the granting or denial of a motion for a preliminary injunction does not constitute the law of the case or an adjudication on the merits of the claim for a permanent injunction and, therefore, the issues must be tried as if no application for a preliminary injunction had been made" (*Ratner v Fountains Clove Rd. Apts.,* 118 AD2d 843, 843; *see also Papa Gino's of Am. v Plaza at Latham Assoc.,* 135 AD2d 74, 76-77). Thus, the Supreme Court's previous denial of the plaintiff's application for a preliminary injunction does not, pursuant to the doctrine of law of the case, serve as a basis for reversal of the

instant order denying the defendants' motion to dismiss the complaint.

The defendants' motion insofar as it sought summary judgment dismissing the complaint was properly denied as, after the defendants made out a prima facie case for summary judgment, the plaintiff raised triable issues of fact as to whether or not the defendants breached their fiduciary duty to the plaintiff, and whether or not the plaintiff defaulted on the agreement and the promissory note in question.

Moreover, the Supreme Court properly denied that branch of the defendants' motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7). The plaintiff's causes of action which are derivative in nature and which seek damages in the plaintiff's individual capacity state cognizable bases for relief (*see 219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509).

Since the plaintiff was a shareholder at the time of the alleged wrongs and at the time of the commencement of the action, he is not estopped from asserting causes of action pursuant to Business Corporation Law §§ 626 and 720 (*see* Business Corporation Law § 626 [b]; *Independent Inv. Protective League v Time, Inc.,* 50 NY2d 259, 263; *cf. Bronzaft v Caporali,* 162 Misc 2d 281). In any event, the defendants waived the defense of the plaintiff's legal capacity to sue pursuant to CPLR 3211 (a) (3) because they failed to assert that defense in the answer or in a preanswer motion as required by CPLR 3211 (e) (*see Dougherty v City of Rye,* 63 NY2d 989; *Central Dover Dev. Corp v Town of Dover,* 213 AD2d 367).

The defendants' remaining contentions are without merit. Santucci, J.P., Feuerstein, S. Miller and Schmidt, JJ., concur.