■ WILLIS OF NEW YORK, INC., et al., Respondents, v ANTHONY DeFELICE et al., Appellants. [750 NYS2d 39] —Order, Supreme Court, New York County (Richard Lowe, III, J.),

entered August 28, 2002, which, to the extent appealed from as limited by the brief, imposed certain preliminary restraints upon individual defendants Anthony DeFelice, Joseph McCarthy, Michael Andler, Anthony Galiano, Nicholas Berlingieri and Pamela Nowicki and set the amount of plaintiffs' undertaking at $150,000, unanimously modified, on the law and the facts, (1) to exclude McCarthy and Andler from paragraph 2 (a) of the order, which restrains DeFelice, McCarthy and Andler from soliciting, directly or indirectly, plaintiffs' clients in contravention of said defendants' agreements with plaintiffs, and to permit DeFelice to solicit the clients he brought with him to plaintiffs when he commenced his employment with plaintiffs, together with related accounts, namely, numbers 2-16, 18-19, 22-28 and 32 on exhibit A to the reply affidavit of Garrett A. Mathieson; and (2) to exclude Andler, Galiano, Berlingieri and Nowicki from paragraph 2 (b) of the order, which, as amplified by the order, same court and Justice, entered July 31, 2002, restrained the individual defendants from violating their common-law duty not to divulge confidential or proprietary information of plaintiffs that they gained through their employment at plaintiffs, and otherwise affirmed, without costs. Appeal from the order entered July 31, 2002 unanimously dismissed, without costs, as superseded by the appeal from the order entered August 28, 2002.

The individual defendants are former employees of the Willis plaintiffs who left plaintiffs' employ to take positions at defendant Aon Risk Services, a long-standing, direct and intense competitor of Willis in the insurance brokerage business.

While paragraph 2 (a) of the IAS court's order, which restrained individual defendants DeFelice, McCarthy and Andler from soliciting Willis clients, was ostensibly meant to prevent unfair competition, the IAS court was actually enforcing, in part, restrictive covenants entered into by DeFelice, McCarthy and Andler when they were employed by Willis. Since plaintiffs have not shown that McCarthy and Andler's services were unique, these two employees should not be enjoined (*see e.g. Reed, Roberts Assoc. v Strauman*, 40 NY2d 303). Plaintiffs, on the other hand, have shown that DeFelice's services are unique (*see Ticor Tit. Ins. Co. v Cohen*, 173 F3d 63), and the two-year duration of DeFelice's restrictive covenant is reasonable (*see e.g. Chernoff Diamond & Co. v Fitzmaurice, Inc.*, 234 AD2d 200, 202). While the geographical extent of the restrictive covenant is very broad, DeFelice is currently working at the New York office of a competitor of plaintiffs, and it would certainly be reasonable to enforce a re-

strictive covenant covering New York (*cf. Unisource Worldwide, Inc. v Valenti*, 196 F Supp 2d 269, 277). However, since the record discloses that many of DeFelice's clients are loyal to him personally, and not to the firm at which he works (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 393), he should not be enjoined from soliciting the clients he originally brought with him to plaintiffs, or related accounts.

The antisolicitation branch of the IAS court's order is otherwise justified as it applies to DeFelice. The necessary showing of irreparable damage to plaintiffs has been made out inasmuch as it appears that, in the absence of a restraint upon DeFelice's solicitation of plaintiffs' clients, plaintiffs would likely sustain a loss of business impossible, or very difficult, to quantify (*see e.g. BDO Seidman*, 93 NY2d at 396; *Chernoff*, 234 AD2d at 203). With respect to the balance of the equities, in contrast to plaintiffs' showing of irreparable harm in the event that DeFelice is not restrained from soliciting its clients, the record affords no basis to conclude that DeFelice will suffer significant professional hardship from an appropriately limited antisolicitation restraint. The restraint imposed upon him, as narrowed by this Court, will not deprive him of a livelihood or prevent him from being successful in his new job (*see e.g. Chernoff*, 234 AD2d at 202).

Turning now to paragraph 2 (b) of the IAS court's order, which restrained the individual defendants from divulging plaintiffs' confidential or proprietary information, plaintiffs failed to demonstrate that they would likely prevail in demonstrating that the individual defendants were, in fact, misappropriating and exploiting their confidential information, and thus the restraint imposed is not sustainable as to defendants Galiano, Berlingieri and Nowicki, who were not shown to be high-level employees upon whom such a restraint might be sustainable under the "inevitable disclosure" doctrine without a showing of actual misappropriation or exploitation (*see Earth-Web, Inc. v Schlack*, 71 F Supp 2d 299, 310). In addition, because plaintiffs did not establish that Andler, an engineer who had nothing to do with sales, had access to confidential material such as commission rates and marketing strategies, Andler should also be excluded from the restraint imposed pursuant to paragraph 2 (b). Defendants DeFelice and McCarthy, on the other hand, were properly included in the paragraph 2 (b) restraint since they were undisputedly high-level Willis employees with access to confidential information that could be easily utilized by them in their new positions at Aon to Willis's detriment (*see Lumex, Inc. v Highsmith*, 919 F Supp 624, 631,

634). Since plaintiffs showed that the use and disclosure of their confidential information by DeFelice and McCarthy was likely to occur, they satisfied the requirement of showing a likelihood of irreparable injury to justify the paragraph 2 (b) restraint (*see Inflight Newspapers, Inc. v Magazines In-Flight, LLC*, 990 F Supp 119, 125) and, given their showing of irreparable harm, and the lack of significant countervailing equities to support permitting DeFelice and McCarthy unfettered use of the confidential and proprietary information acquired by them during their employment with plaintiffs, the equities favor the paragraph 2 (b) restraint with respect to those two defendants.

The IAS court properly exercised its discretion in setting the amount of the undertaking (*see Clover St. Assoc. v Nilsson*, 244 AD2d 312, 313). Defendants failed to show that they would be damaged in the amount of the bond they requested. Concur—Tom, J.P., Andrias, Saxe, Rubin and Friedman, JJ.