■ RICHARD MACVICAR, Respondent, v AERODROME DEVELOPMENT CORPORATION, Appellant. [776 NYS2d 851]—

In an action, inter alia, for a judgment declaring that the plaintiff has an easement by implication over a portion of the defendant's property, the defendant appeals from (1) an order of the Supreme Court, Orange County (Owen, J.), dated May 30, 2002, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court entered July 10, 2002, which, inter alia, declared that the plaintiff has an easement by implication over a portion of the property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff made out his prima facie case establishing his entitlement to summary judgment by demonstrating that his property and the defendant's property (hereinafter airport property) were once in unitary ownership, that he had unfettered and free access to the airport property when it was in unitary ownership, that his use of the airport property was physically apparent and that access to the airport property affects the value of his property and is necessary to his aircraft repair business situated thereon (*see Ryerson Tower v St. James Towers*, 131 AD2d 744 [1987]; *Moody v Sun*, 127 AD2d 570 [1987]; *Ragona v Di Maggio*, 42 Misc 2d 1042 [1964]). In opposition, the defendant failed to raise an issue of fact. Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment declaring that the plaintiff has an easement by implication over a portion of the defendant's property.

In light of our determination, the plaintiff's remaining contention need not be reached. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.