■ MICHAEL G. KESSLER & ASSOCIATES, LTD., Respondent, v JOSEPH K. WHITE, Appellant. [815 NYS2d 631]—

In an action, inter alia, to recover damages for breach of an employment contract and defamation, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Oliver, J.), dated December 17, 2004, as denied that branch of his motion which was pursuant to CPLR 3211 (a) (7) to dismiss the first cause of action for failure to state a cause of action, and denied those branches of his separate motion which were for summary judgment dismissing the second and third causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant, a former detective, was employed as an investigator with the plaintiff, a forensic accounting and investigative firm, pursuant to an employment agreement (hereinafter the agreement) which contained a covenant not to compete and confidentiality clauses. The covenant stated, inter alia, that for a period of two years after the defendant left the plaintiff's employ, he could not work for "a similar business" within the City of New York and Nassau and Suffolk Counties. The agreement also provided that the defendant would "take all steps necessary to preserve and protect the confidentiality of any and all 'confidential information,' trade secrets or intelligence learned" by him. After one month, the defendant's employment was terminated by the plaintiff. Thereafter, the plaintiff claims, the defendant worked as an investigator at two competing firms in the area mentioned in the agreement. The defendant, however, claims that he worked "casually as an independent contractor providing investigation-related services" as he pursued a career in real estate. The plaintiff also asserts that

the defendant divulged to third parties names of its clients and nonpublic, sensitive information regarding such clients.

The plaintiff commenced this action predicated on the defendant's alleged violations of the covenant not to compete and the confidentiality provisions of the agreement. The complaint also included a cause of action to recover damages for defamation. The plaintiff alleged that the defendant uttered false statements impugning its integrity and business reputation to two individuals, and that these statements were repeated to at least one of its clients, who ultimately ceased doing business with the plaintiff. The Supreme Court, inter alia, denied that branch of the defendant's motion which was to dismiss the first cause of action, alleging defamation, for failure to state a cause of action, and denied those branches of the defendant's separate motion which were for summary judgment dismissing the second and third causes of action alleging breach of the terms of the agreement, finding that the defendant had not established his entitlement to judgment as a matter of law. We affirm.

Restrictive covenants in employment agreements will be enforced if reasonably limited temporally and geographically, and to the extent necessary to protect the employer's use of trade secrets or confidential customer information (*see BDO Seidman v Hirshberg*, 93 NY2d 382 [1999]; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303 [1976]; *Elite Promotional Mktg., Inc. v Stumacher*, 8 AD3d 525 [2004]). The defendant failed to demonstrate that the confidentiality provisions of the agreement were unduly broad and unnecessary to protect the plaintiff's clients and any trade secrets/intelligence in light of the plaintiff's submissions establishing the sensitive nature of its business (*see Union Kol-Flo Corp. v Basil*, 64 AD2d 861, 862 [1978]), or that the noncompetition clause was unreasonable with respect to its temporal and geographical limitations or as applied to the defendant in light of his limited tenure with the plaintiff (*see Stiepleman Coverage Corp. v Raifman*, 258 AD2d 515 [1999]; *Greenwich Mills Co. v Barrie House Coffee Co.*, 91 AD2d 398 [1983]).

In addition, the pleadings sufficiently stated a cause of action alleging defamation (*see generally* CPLR 3106 [a]; *Sirianni v Rafaloff*, 284 AD2d 447 [2001]), and the defendant did not establish as a matter of law that the statements were protected by qualified privilege (*see Doe v Church of St. Christopher*, 19 AD3d 641 [2005]; *Well v Yeshiva Rambam*, 300 AD2d 580 [2002]). Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.