■ DS COURIER SERVICES, INC., Respondent, v LAKRAM SEEBARRAN et al., Appellants. [834 NYS2d 191]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered May 25, 2006, which, in an action to enforce a restrictive covenant, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The subject restrictive covenant is contained in an agreement

that describes defendant as an "independent contractor" and obligates him to "perform trucking services . . . as required and subject to change at any time" by plaintiff, a courier service. The contract does not provide for compensation, although it does require plaintiff to give defendant a 1099 tax form, and it appears that defendant was paid on a per item basis. The covenant prohibits defendant from negotiating directly or indirectly with any of six identified customers of plaintiff for a period of 120 days after termination of defendant's service, voluntary or otherwise. Such covenant "is, on its face, reasonably limited, both temporally and geographically, and not unduly burdensome," and therefore prima facie enforceable (*American Para Professional Sys. v Examination Mgt. Servs.*, 214 AD2d 413, 414 [1995]). It does not avail defendant that his association with plaintiff did not involve use of trade secrets or confidential customer lists; the covenant legitimately protects the goodwill that plaintiff had developed with certain of its customers (*see Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina*, 9 AD3d 805, 806 [2004], *lv denied* 3 NY3d 612 [2004]). We also reject defendant's argument that the covenant is not enforceable because it is contained in a contract that imposes no obligations on plaintiff. It appears that although not obligated to do so, plaintiff did in fact utilize defendant's services, triggering an implied obligation to compensate and an express obligation to provide a 1099 tax form. We have considered defendant's other arguments and find them unavailing. Concur—Friedman, J.P., Marlow, Sullivan, Sweeny and Catterson, JJ.