GUNDERMANN & GUNDERMANN INSURANCE, Respondent, v JAMES BRASSILL et al., Appellants. [— NYS2d —]—

In an action, inter alia, for injunctive relief and to recover damages for breach of contract, the defendants appeal, as limited by their brief, from (1) so much of an order of the

Supreme Court, Suffolk County (Weber, J.), dated August 11, 2006, as, after a hearing, granted the plaintiff's motion for a preliminary injunction to the extent of enjoining them from soliciting any of the plaintiff's customers and clients for a period of 18 months up to and including December 26, 2007, and (2) an order of the same court dated September 12, 2006, granting their application to modify the order dated August 11, 2006, so as to permit them to post, in two installments, an undertaking previously imposed as a condition of their continuing to service those of the plaintiff's customers and clients as had already retained them.

Ordered that the appeal from the order dated September 12, 2006 is dismissed, as the defendants are not aggrieved thereby (*see* CPLR 5511); and it is further,

Ordered that the order dated August 11, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Generally, a party is entitled to a preliminary injunction upon a demonstration of (1) probability of success on the merits, (2) danger of irreparable harm in the absence of an injunction, and (3) a balance of equities in its favor (*see* CPLR 6312; *W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Matter of Related Props., Inc. v Town Bd. of Town/Vil. of Harrison*, 22 AD3d 587, 590 [2005]; *Milbrandt & Co. v Griffin*, 1 AD3d 327 [2003]). The plaintiff met this burden.

Courts will enforce noncompetition clauses "where necessary to protect, inter alia, an employer's confidential customer information and the goodwill of . . . customer[s] generated and maintained at the employer's expense" (*Milbrandt & Co. v Griffin*, 1 AD3d at 328; *see BDO Seidman v Hirshberg*, 93 NY2d 382, 392 [1999]; *DS Courier Servs., Inc. v Seebarran*, 40 AD3d 271 [2007]; *Willis of N.Y. v DeFelice*, 299 AD2d 240 [2002]). Here, the Supreme Court properly concluded that the plaintiff, an insurance agency established in 1937, incurred significant costs in training employees, in overhead expenses, and in developing its client base, and that it built up significant business goodwill as it developed its client base. The plaintiff thus established a legitimate interest in protecting the client information that the defendants acquired from their employment with the plaintiff, and the goodwill that the defendants now seek to exploit. Thus, it is probable that the nonsolicitation provisions contained in the subject employment agreement are enforceable to the extent limited by the Supreme Court.

There was testimony at the hearing that lost commissions comprised only a portion of the plaintiff's damages. The plaintiff

also was damaged from, inter alia, the opportunity it lost in being able to "round out the account," a phrase which describes the sale of additional insurance products to a client. Lost goodwill and lost opportunity are damages which are difficult to quantify (*see Crown IT Servs., Inc. v Koval-Olsen*, 11 AD3d 263, 266 [2004]; *Willis of N.Y. v DeFelice*, 299 AD2d at 242). Accordingly, the Supreme Court properly found that the plaintiff would suffer irreparable harm absent the issuance of a preliminary injunction (*see BDO Seidman v Hirshberg*, 93 NY2d at 396; *Chernoff Diamond & Co. v Fitzmaurice, Inc.*, 234 AD2d 200, 203 [1996]).

Finally, the equities in this matter favor the plaintiff.

Accordingly, a preliminary injunction was properly issued by the Supreme Court. Santucci, J.P., Skelos, Covello and Carni, JJ., concur.