■ ARTHUR J. GALLAGHER & Co. et al., Appellants, v JOSEPH C. MARCHESE et al., Respondents. [946 NYS2d 243]—

In an action, inter alia, to recover damages for breach of an employment contract and for injunctive relief, the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Loehr, J.), entered February 25, 2011, which denied their motion for a preliminary injunction, in effect, enforcing a restrictive covenant in the defendants' employment agreements, and (2) an order of the same court entered July 14, 2011, which denied their motion for leave to renew and reargue.

Ordered that the order entered February 25, 2011, is affirmed; and it is further,

Ordered that the appeal from so much of the order entered July 14, 2011, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered July 14, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

To obtain a preliminary injunction, a movant must establish,

by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor (*see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Dover Gourmet Corp. v Nassau Health Care Corp.*, 89 AD3d 979, 979 [2011]; *S.J.J.K. Tennis, Inc. v Confer Bethpage, LLC*, 81 AD3d 629, 629-630 [2011]). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Dover Gourmet Corp. v Nassau Health Care Corp.*, 89 AD3d at 979; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 625 [2011]).

A restrictive covenant in an employment agreement will only be enforceable if, inter alia, it is necessary to protect the employer's legitimate interests (*see BDO Seidman v Hirshberg*, 93 NY2d 382, 388-389 [1999]; *Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307 [1976]). An employer's interests justifying a restrictive covenant are limited "to the protection against misappropriation of the employer's trade secrets or of confidential customer lists, or protection from competition by a former employee whose services are unique or extraordinary" (*BDO Seidman v Hirshberg*, 93 NY2d at 389; *see Reed, Roberts Assoc. v Strauman*, 40 NY2d at 308). In addition, "[t]he employer has a legitimate interest in preventing former employees from exploiting or appropriating the goodwill of a client or customer, which had been created and maintained at the employer's expense, to the employer's competitive detriment" (*BDO Seidman v Hirshberg*, 93 NY2d at 392; *see Gundermann & Gundermann Ins. v Brassill*, 46 AD3d 615, 616 [2007]; *Milbrandt & Co. v Griffin*, 1 AD3d 327, 328 [2003]).

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for a preliminary injunction, in effect, enforcing a restrictive covenant in the defendants' employment agreements (*see BDO Seidman v Hirshberg*, 93 NY2d at 390-391; *Reed, Roberts Assoc. v Strauman*, 40 NY2d at 308-309; *Natural Organics, Inc. v Kirkendall*, 52 AD3d 488, 489-490 [2008]; *Milbrandt & Co. v Griffin*, 1 AD3d at 328; *Price Paper & Twine Co. v Miller*, 182 AD2d 748, 749-750 [1992]; *Brewster-Allen-Wichert, Inc. v Kiepler*, 131 AD2d 620 [1987]; *cf. Gundermann & Gundermann Ins. v Brassill*, 46 AD3d at 616).

The Supreme Court properly denied that branch of the plaintiffs' motion which was for leave to renew their motion for a preliminary injunction, since the new facts offered on the motion would not have changed the prior determination (*see* CPLR 2221 [e] [2]; *Grossman v New York Life Ins. Co.*, 90 AD3d 990, 992 [2011]). Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.