■ BELL & COMPANY, P.C., Respondent, v MARC D. ROSEN, Appellant, et al., Defendant. [979 NYS2d 564]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered November 21, 2012, which granted plaintiff Bell & Company, P.C.'s motion for a preliminary injunction enjoining defendant Marc Rosen from, inter alia, violating the terms of a noncompete clause in an employment agreement between the parties, unanimously affirmed, without costs.

On appeal, defendant Rosen argues that, contrary to the motion court's finding, plaintiff's failure to comply with the terms of the termination clause requiring that he be given two weeks' notice and severance pay constituted a breach of the employment agreement, thereby rendering the agreement's noncompete clause unenforceable (*see DeCapua v Dine-A-Mate, Inc.*, 292 AD2d 489, 491 [2d Dept 2002]). It is undisputed that on April 23, 2012 defendant gave notice of his intent to leave plaintiff's employment. There is an issue of fact, however, with respect to what subsequently transpired between the parties. Plaintiff maintains that defendant's last day of employment was May 18, 2012, while defendant maintains that there was an agreement that he would stay on until July 15, 2012 to assist with the transition of client accounts. He further maintains that plaintiff abruptly terminated his employment on May 18, without notice or severance. Accordingly, there is an issue of fact as to whether the parties' relationship continued to be governed by the employment agreement after April 23.

The existence of this issue of fact does not require the denial of the preliminary injunction since plaintiff has, on this record, demonstrated a likelihood of success on the merits, irreparable injury absent the preliminary injunction, and a balancing of the equities weigh in its favor (*see Four Times Sq. Assoc. v Cigna Invs.*, 306 AD2d 4, 5 [1st Dept 2003]). Defendant does not dispute that he solicited plaintiff's clients, rather, as noted, he argues that plaintiff's alleged breach rendered the noncompete clause unenforceable. Plaintiff has shown that if defendant is permitted to continue soliciting and representing its clients it will suffer a loss of business (*see Willis of N.Y. v DeFelice*, 299 AD2d 240, 242 [1st Dept 2002]). With respect to the balance of the equities, in contrast to plaintiff's showing of irreparable harm, there is no basis to conclude that defendant will suffer significant professional hardship from the limited restraint since he is permitted to retain the business of the clients he brought to plaintiff (*see Willis*, 299 AD2d at 242). Concur—Mazzarelli,

J.P., Acosta, Saxe and Moskowitz, JJ.