M.H. MANDELBAUM ORTHOTIC & PROSTHETIC SERVICES, INC., et al., Respondents, v MARC WERNER, Appellant. [5 NYS3d 517]—

In action, inter alia, for injunctive relief and to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated December 13, 2013, as granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the referral source solicitation and noncompetition claims asserted in the first cause of action and for a preliminary injunction and denied that branch of his cross motion which was for summary judgment dismissing the referral source solicitation claim in the first cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for a preliminary injunction and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the referral source solicitation and noncompe-

tition claims asserted in the first cause of action. "Covenants not to compete will be enforced if reasonably limited as to time, geographic area, and scope, are necessary to protect the employer's interests, not harmful to the public, and not unduly burdensome" (*Ricca v Ouzounian*, 51 AD3d 997, 998 [2008]; *see BDO Seidman v Hirshberg*, 93 NY2d 382, 389 [1999]; *Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 792 [2012]).

Initially, the Supreme Court erred in rejecting the parties' arguments concerning the enforceability of the restrictive covenants based on its determination of the issue in evaluating the plaintiffs' prior motion for a preliminary injunction and the law of the case doctrine (*see Town of Concord v Duwe*, 4 NY3d 870, 875 [2005]; *Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005]; *Kaplan v Queens Optometric Assoc.*, 293 AD2d 449 [2002]). Nevertheless, on the merits, the court properly granted those branches of the plaintiffs' motion which were for summary judgment on the issue of liability on the referral source solicitation and noncompetition claims asserted in the first cause of action. The plaintiffs demonstrated, prima facie, that the underlying covenants were enforceable under the circumstances of this case and that the defendant had breached them, and the defendant failed to raise a triable issue of fact in opposition to their prima facie showing (*see Smith v Meridian Tech., Inc.*, 86 AD3d 557, 560 [2011]; *Michael G. Kessler & Assoc., Ltd. v White*, 28 AD3d 724, 725 [2006]).

However, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was for a preliminary injunction. To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor (*see* CPLR 6301; *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Doe v Axelrod*, 73 NY2d at 750; *Arthur J. Gallagher & Co. v Marchese*, 96 AD3d at 792). Here, the plaintiffs failed to make the requisite showing. Accordingly, the Supreme Court should not have granted that branch of the plaintiffs' motion which was for a preliminary injunction (*see Town of Southampton v County of Suffolk*, 88 AD3d 988, 989 [2011]; *Liotta v Mattone*, 71 AD3d 741 [2010]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dickerson, Roman and Duffy, JJ., concur.