■ SILVER TOWERS OWNERS CORP., Respondent, v CROMWELL SILVER TOWERS GROUP LIMITED PARTNERSHIP et al., Appellants, et al., Defendant. [40 NYS3d 540]—

In an action, inter alia, for injunctive and declaratory relief, the defendants Cromwell Silver Towers Group Limited Partnership and Little Man Parking, LLC, appeal from so much of an order of the Supreme Court, Queens County (Livote, J.), dated February 9, 2015, as granted that branch of the plaintiff's motion which was to preliminarily enjoin those defendants, during the pendency of the action, from, inter alia, interfering with specified uses of the roof of a garage by the cooperative or its agents.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were to preliminarily enjoin the defendants Cromwell Silver Towers Group Limited Partnership and Little Man Parking, LLC, from, in effect, interfering with the use of the roof of the garage by the plaintiff for the parking of vehicles operated by the plaintiff's employees, and to preliminarily enjoin those defendants from interfering with the "perform[ance

of] any other task or function essential to the operations and functioning of the Cooperative, its Building and its three hundred seventy seven (377) residential units," and substituting therefor provisions denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

"To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor" (*M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 859, 860 [2015]; *see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 791-792 [2012]). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Arthur J. Gallagher & Co. v Marchese*, 96 AD3d at 792; *see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]).

Here, the Supreme Court properly found that the plaintiff demonstrated its likelihood of success on the merits as to its causes of action for a judgment declaring that it benefits from an implied easement for the use of the roof of a parking garage for purposes of, inter alia, storage of refuse for pickup from that location, and building access and parking by delivery service providers and contractors (*see Ryerson Tower v St. James Towers*, 131 AD3d 744, 745 [1987]; *see also MacVicar v Aerodrome Dev. Corp.*, 7 AD3d 762, 763 [2004]). The plaintiff also showed that it would suffer irreparable harm absent an order permitting it to continue these uses of the garage roof (*see Winzelberg v 1319 50th Realty Corp.*, 52 AD3d 700, 701 [2008]; *Ryan v Dowicz*, 306 AD2d 396, 396 [2003]). In addition, the balance of the equities favors the issuance of a preliminary injunction, with respect to those uses of the garage roof (*see Glauber v G & G Quality Clothing, Inc.*, 134 AD3d 898, 899 [2015]; *Butt v Malik*, 106 AD3d 849, 850 [2013]). Therefore, the court properly granted that branch of the plaintiff's motion which was to preliminarily enjoin the defendants from interfering with those uses of the garage roof.

However, the plaintiff did not demonstrate its entitlement to a preliminary injunction enjoining the defendants Cromwell Silver Towers Group Limited Partnership and Little Man Parking, LLC, from interfering with the parking of vehicles on the garage roof by the plaintiff's employees (*see Freeman v Walther*, 110 AD3d 1312, 1316 [2013]; *Four S Realty Co. v Dynko*, 210 AD2d 622, 623 [1994]). The plaintiff also did not demonstrate

its entitlement to a preliminary injunction generally enjoining all interference with the plaintiff's use of the garage roof for any purpose "essential to the operation and functioning" of its building (*see Freeman v Walther,* 110 AD3d at 1316; *Four S Realty Co. v Dynko,* 210 AD2d at 623). Accordingly, the Supreme Court should have limited the scope of the injunction. Rivera, J.P., Austin, Sgroi and Duffy, JJ., concur.