Matter of Alexander C. (New York Guardianship Servs., Inc.) (2023 NY Slip Op 06042)

Matter of Alexander C. (New York Guardianship Servs., Inc.)

2023 NY Slip Op 06042

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
DEBORAH A. DOWLING, JJ.

2022-01761
 (Index No. 706764/20)

[*1]In the Matter of Alexander C. (Anonymous). New York Guardianship Services, Inc., respondent; 1802 Ocean Parkway Owners, Inc., appellant.

Smith Buss & Jacobs, LLP, Yonkers, NY (Nancy Durand of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Mental Hygiene Law article 81, in which New York Guardianship Services, Inc., the successor temporary guardian of Alexander C., petitioned for injunctive relief, 1802 Ocean Parkway Owners, Inc., appeals from an order of the Supreme Court, Queens County (Bernice D. Siegal, J.), entered February 18, 2022. The order, in effect, granted the motion of New York Guardianship Services, Inc., to temporarily restrain 1802 Ocean Parkway Owners, Inc., from undertaking certain actions to the extent of enjoining 1802 Ocean Parkway Owners, Inc., from foreclosing on or selling Alexander C.'s shares of stock in a certain residential cooperative housing corporation and proprietary lease for the subject apartment for a period of 120 days, and, sua sponte, directed the apartment to be expeditiously listed for sale by New York Guardianship Services, Inc., and enjoined 1802 Ocean Parkway Owners, Inc., from unreasonably withholding its approval of a prospective buyer or collecting at a closing more than the costs for outstanding maintenance and assessment of fees.
ORDERED that the appeal from so much of the order as, in effect, granted the motion of New York Guardianship Services, Inc., to temporarily restrain 1802 Ocean Parkway Owners, Inc., from undertaking certain actions to the extent of enjoining 1802 Ocean Parkway Owners, Inc., from foreclosing on or selling Alexander C.'s shares of stock in a certain residential cooperative housing corporation and proprietary lease for the subject apartment for a period of 120 days is dismissed; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the apartment to be expeditiously listed for sale by New York Guardianship Services, Inc., and enjoined 1802 Ocean Parkway Owners, Inc., from unreasonably withholding its approval of a prospective buyer or collecting at a closing more than the costs for outstanding maintenance and assessment of fees, is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, with costs.
The appeal from so much of the order as, in effect, granted the motion of New York Guardianship Services, Inc., to temporarily restrain 1802 Ocean Parkway Owners, Inc., from undertaking certain actions to the extent of enjoining 1802 Ocean Parkway Owners, Inc., from [*2]foreclosing on or selling Alexander C.'s shares of stock in a certain residential cooperative housing corporation and proprietary lease for the subject apartment for a period of 120 days must be dismissed as academic, as that portion of the order expired by its own terms (see Comprehensive Benefit Consultants, Inc. v Spitz, 121 AD3d 1032, 1033).
By petition dated November 19, 2021, New York Guardianship Services, Inc. (hereinafter NYGS), "as successor temporary guardian of the person and property of" Alexander C., an incapacitated person (hereinafter Alexander), sought to preliminarily enjoin 1802 Ocean Parkway Owners, Inc. (hereinafter 1802 Ocean Parkway), from holding a foreclosure sale and liquidation of Alexander's interest in shares of stock in 1802 Ocean Parkway and a proprietary lease for an apartment therein during the pendency of the proceeding. Thereafter, on December 7, 2021, NYGS moved by order to show cause to temporarily restrain 1802 Ocean Parkway "from instituting any legal action or proceeding, executing a warrant of eviction, or taking any other action to seize the properties located at 1802 Ocean Parkway [ ] during the pendency of this proceeding." 1802 Ocean Parkway answered the petition and opposed the motion, arguing that NYGS had failed to demonstrate entitlement to injunctive relief because, among other things, Alexander does not reside in the subject apartment. 1802 Ocean Parkway also submitted documentary evidence demonstrating that Alexander was in default under the relevant proprietary lease for failure to pay maintenance and other charges due since November 2019. In an order entered February 18, 2022, the Supreme Court granted NYSG's motion to the extent of issuing a temporary restraining order enjoining 1802 Ocean Parkway from "instituting any action or proceeding, executing a warrant or eviction, or taking any action to seize the apartment" for 120 days from the date of the order, and, sua sponte, directed the apartment to be expeditiously listed for sale by NYGS, and enjoined 1802 Ocean Parkway from unreasonably withholding its approval of a prospective buyer or collecting more than the costs for maintenance and assessment of fees due at closing. 1802 Ocean Parkway appeals.
The Supreme Court erred in, sua sponte, directing the apartment to be expeditiously listed for sale by NYGS and enjoining 1802 Ocean Parkway from unreasonably withholding its approval of a prospective buyer or collecting at a closing more than the costs for outstanding maintenance and assessment of fees. This relief was not requested by NYGS in either its petition or order to show cause, and NYGS's submissions otherwise failed to demonstrate that this relief was warranted (see e.g. Silver Towers Owners Corp. v Cromwell Silver Towers Group Ltd. Partnership, 144 AD3d 783, 784; see also Himmelberger v 40-50 Brighton First Rd. Apts. Corp., 94 AD3d 817, 818).
DUFFY, J.P., CHAMBERS, CHRISTOPHER and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court