Japanese Med. Care PLLC v Tamba (2025 NY Slip Op 05015)

Japanese Med. Care PLLC v Tamba

2025 NY Slip Op 05015

Decided on September 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 18, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 652337/23|Appeal No. 4316|Case No. 2024-07463|

[*1]Japanese Medical Care PLLC, et al., Plaintiffs-Appellants,
v
Yasuko Tamba, et al., Defendants-Respondents.
Dym America, Inc., Counterclaim-Plaintiff-Respondent,
v
Japanese Medical Care, et al., Counterclaim-Defendant-Appellants.

Law Offices of Jonathan M. Cooper, Cedarhurst (Jonathan M. Cooper of counsel), for appellants.
Brown Kwon & Lam LLP, New York (Clara Lam of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered November 20, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiffs' unfair competition claim and the portions of the breach of contract and tortious interference with contract claims pertaining to a noncompete clause in defendant Yasuko Tamba's employment agreement, and denied plaintiffs' motion for summary judgment as to liability and dismissing the breach of contract and quantum meruit counterclaims, unanimously affirmed, without costs.
Supreme Court correctly granted summary judgment dismissing plaintiffs' claim for breach of contract insofar as it is predicated on the noncompete clause. As relevant here, the clause provided that for two years after the termination of employment, defendant Tamba "shall not, either directly or indirectly . . . , within [the area of Manhattan constituting] the Restricted Area . . . engage in the provision of nurse practitioner services . . . on behalf of any person (including on your own behalf) or entity who or which is competitive with the PLLC." In her motion for summary judgment, defendant Tamba demonstrated prima facie that the provision was unenforceable inasmuch as nurse practitioner services, though indispensable, are, without more, not "unique or extraordinary" such that their general restriction protects the legitimate interest of plaintiff Japanese Medical Care (JMC) (BDO Seidman v Hirshberg, 93 NY2d 382, 389 [1999] [noting also that the restriction must not be "injurious to the public"]).
In opposition, plaintiffs failed to raise an issue of fact, and their arguments otherwise conflate this restriction on nursing services generally with the specific and legitimate nonsolicitation component, the severability and disposition of which defendants did not appeal. Moreover, plaintiffs' cited authority is distinguishable. In DS Courier Servs., Inc. v Seebarren, for example, the noncompete provision restricted the defendant independent contractor from "negotiating directly or indirectly with any of six identified customers" (40 AD3d 271, 272 [1st Dept 2007]), thus standing in contrast to the universal restriction of services here.
The motion court also properly granted summary judgment dismissing plaintiffs' unfair competition claim as duplicative of their tortious interference with contract claim, as both claims are based on the same underlying factual allegations and seek the same damages (see Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]; Valkyrie AI LLC v PriceWaterhouseCoopers LLP, 233 AD3d 460, 463 [1st Dept 2024]). Plaintiffs' motion for summary judgment on liability on the remainder of their breach of contract claim was properly denied as well. Viewing the evidence in the light most favorable to defendants, plaintiffs failed to provide sufficient evidence to demonstrate the absence of an issue of fact with respect to whether defendants breached any of the contracts at issue, including the nonsolicitation clause of defendant Tamba's employment agreement, by misappropriating confidential patient information (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]) rather than obtaining contact information through other means, such as their own marketing efforts (see also Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp., 42 NY2d 496, 499 [1977]). The record also does not demonstrate that Tamba or Kaoru Miyazaki, the two named defendants with access to JMC's confidential patient records, either misappropriated information or solicited any former JMC patients.
With respect to defendant DYM America, Inc.'s counterclaims, the court properly concluded that issues of fact remained as to whether the fee provision of the contract was enforceable. Even though the written contract is missing the term for the monthly administrative fee, and the fee provision required that any adjustments to the fee "shall be evidenced by a writing signed by both [p]arties," it is undisputed that, for the specified duration of the contract, JMC paid DYM varying amounts of money each month for administrative services; thus, the provision is potentially enforceable (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91 [1991]; see also Aiello v Burns Intl. Sec. Servs. Corp., 110 AD3d 234, 245 [1st Dept 2013]). The court also properly concluded that quantum meruit provided a viable alternative basis for recovery (see Nakamura v Fujii, 253 AD2d 387, 390 [1st Dept 1998]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 18, 2025