■ One Beacon Insurance Group, LLC, et al., Respondents, v Midland Medical Care, P.C., et al., Defendants, and David Stemerman et al., Appellants. [863 NYS2d 728]—

In an action, inter alia, to recover damages for common-law fraud and unjust enrichment and for a judgment declaring that the plaintiffs have no obligation to pay no-fault claims submitted by the professional corporation defendants, the defendants David Stemerman and Proscan Imaging, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered August 14, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the plaintiffs' cross motion which was for discovery of certain financial documents.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff One Beacon Insurance Group, LLC, and its subsidiaries and affiliates (hereinafter the plaintiffs), are providers of automobile insurance policies which include coverage under the "no-fault" insurance law (Insurance Law § 5101, *et seq.*). The plaintiffs commenced this action against numerous professional medical service corporations (hereinafter the PCs), management companies, and the individuals who owned them, and licensed healthcare professionals, alleging that the PCs were fraudulently incorporated in the names of licensed healthcare professionals while, in fact, the PCs were owned, operated, and controlled by unlicensed persons and their management companies in violation of applicable statutes and regulations. The plaintiffs, inter alia, seek repayment of no-fault claims already paid to the PCs and a judgment declaring that they are not obligated to pay outstanding claims. The defendants David Stemerman and his radiology practice, Proscan Imaging, P.C. (hereinafter Proscan) (hereinafter together the appellants), moved for summary judgment dismissing the complaint insofar as asserted against them, and the

Supreme Court denied their motion, finding the existence a triable issue of fact as to whether Proscan was fraudulently incorporated.

Applicable provisions of the no-fault law require insurers to reimburse patients or their medical provider assignees for "basic economic loss" (Insurance Law § 5102 [a] [1]). A provider of healthcare services is not eligible for reimbursement, however, "if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York" (11 NYCRR 65-3.16 [a] [12]). The Court of Appeals has interpreted 11 NYCRR 65-3.16 (a) (12) to allow insurance carriers to withhold reimbursement for no-fault claims from fraudulently licensed medical corporations and to "look beyond the face of licensing documents to identify willful and material failure to abide by state and local law" (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 321 [2005]). State law mandates that professional service corporations be owned and controlled only by licensed professionals (*see* Business Corporation Law § 1503 [a]; §§ 1507, 1508), and that licensed professionals render the services provided by such corporations (*see* Business Corporation Law § 1504 [a]).

Here, the appellants made a prima facie showing of their entitlement to judgment as a matter of law by submitting evidence that Stemerman, a licensed physician, was the sole shareholder of Proscan, performed or oversaw all medical services provided by Proscan, and was the sole signatory on Proscan's bank account.

However, in opposition to the motion, the plaintiffs submitted sufficient evidentiary proof to raise an issue of fact as to whether Proscan was actually controlled by a management company owned by unlicensed individuals in violation of the Business Corporation Law (*see State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d at 320-321; *Montgomery Med., P.C. v State Farm Ins. Co.*, 12 Misc 3d 1169[A], 2006 NY Slip Op 51116[U] [2006]; *A.T. Med., P.C. v State Farm Mut. Ins. Co.*, 10 Misc 3d 568, 569 [2005]; *cf. A.B. Med. Servs. PLLC v Prudential Prop. & Cas. Ins. Co.*, 11 Misc 3d 137[A], 2006 NY Slip Op 50504[U] [2006]). Accordingly, the appellants' motion for summary judgment was properly denied with respect to all three causes of action, which allege fraudulent incorporation.

The Supreme Court properly granted that branch of the plaintiffs' cross motion which was for disclosure of certain financial documents. Contrary to the appellants' contention, the plaintiffs were not required to make a showing of "good cause" for such disclosure (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4

NY3d at 322; *see Matter of Andrew Carothers, M.D., P.C. v Insurance Cos. Represented by Bruno, Gerbino & Soriano LLP*, 13 Misc 3d 970, 972-973 [2006]), as the documents were "material and necessary in the prosecution" of this action (*see* CPLR 3101 [a]). Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.