■ In the Matter of MVAIC, Appellant, v INTERBORO MEDICAL CARE & DIAGNOSTIC PC, Respondent. [902 NYS2d 45]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 12, 2009, which denied petitioner MVAIC's application to vacate a no-fault arbitration award, unanimously reversed, on the law, without costs, the motion granted, the award vacated, and the matter remanded for a determination on the merits of the coverage issue.

MVAIC defended the arbitration on the ground that the police accident report showed that the offending vehicle was registered out-of-state and was insured, but the arbitrator refused to consider that defense on the merits on the ground that MVAIC had failed to pay or deny the claim within 30 days of its submission, as required by the no-fault law (Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1]; [c]). This was contrary to settled law (*see generally Matter of State Farm Mut. Auto. Ins. Co. v Lumbermens Mut. Cas. Co.*, 18 AD3d 762, 763 [2005]) recognizing a narrow exception to the 30-day deadline for defenses based on lack of coverage (*Hospital for Joint Diseases v Travelers Prop. Cas. Ins. Co.*, 9 NY3d 312, 318 [2007]). *New York Hosp. Med. Ctr. of Queens v Motor Veh. Acc. Indem. Corp.* (12 AD3d 429 [2d Dept 2004], *lv denied* 4 NY3d 705 [2005]) relied on by the arbitrator, did not involve a lack of coverage issue. We would add that the burden is on MVAIC to prove its lack-of-coverage defense. Concur—Tom, J.P., Friedman, Nardelli, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 2009 NY Slip Op 30536(U).]**