■ In the Matter of COUNTRYWIDE INSURANCE COMPANY, Appellant, v DHD MEDICAL, P.C., Respondent. [926 NYS2d 293]—

Petitioner argues that respondent is a fraudulently incorporated medical services provider and therefore is not only ineligible for reimbursement of no-fault payments (*see State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313 [2005]) but is also precluded from demanding arbitration pursuant to Insurance Law § 5106 (b) (and the no-fault policy issued by petitioner). Contrary to this argument, the defense of fraudulent incorporation is "for the arbitrator and not for the courts" (*see Matter of Nassau Ins. Co. v McMorris*, 41 NY2d 701, 701 [1977]; *Matter of MVAIC v Interboro Med. Care & Diagnostic PC*, 73 AD3d 667 [2010]). Indeed, it has been the subject of numerous arbitration proceedings (*see e.g. State Farm Mut. Auto. Ins. Co. v Kissena Med. Imaging, P.C.*, 25 Misc 3d 1214[A], 2009 NY Slip Op 52094[U] [2009]; *Uptodate Med. Serv., P.C. v State Farm Mut. Auto. Ins. Co.*, 22 Misc 3d 128[A], 2009 NY Slip Op 50046[U], *2 [2009]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.