■ LIBERTY MUTUAL INSURANCE COMPANY et al., Respondents, v RAIA MEDICAL HEALTH, P.C., et al., Appellants, et al., Defendants. [35 NYS3d 179]—

In an action for declaratory relief and to recover damages for fraud and unjust enrichment, the defendants Raia Medical Health, P.C., and Joseph A. Raia appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCormack, J.), entered July 3, 2014, as granted the plaintiffs' motion to preliminarily enjoin the defendants Raia Medical Health, P.C., and New Imaging & Diagnostic Services, P.C., inter alia, during the pendency of this action, from, among other things, commencing against the plaintiffs any new actions, arbitrations, or proceedings seeking reimbursement for no-fault benefits, and staying all such currently pending actions, arbitrations, or proceedings, and denied their cross motion pursuant to CPLR 7503 (a) to compel arbitration and stay all further proceedings in the action.

Ordered that the appeal from so much of the order as granted that branch of the plaintiffs' motion which was for a preliminary injunction against the defendant New Imaging & Diagnostic Services, P.C., is dismissed, as the appellants are not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The defendant Raia Medical Health, P.C. (hereinafter RMH), which was owned by the defendant Joseph A. Raia (hereinafter together the appellants), allegedly billed the plaintiffs for medical services rendered to injured parties who had assigned their no-fault insurance benefits to RMH. In November 2013, the plaintiffs commenced this action for declaratory relief and to recover damages for fraud and unjust enrichment, alleging, inter alia, that RMH was ineligible to recover no-fault benefits, since it was not wholly owned and controlled by licensed physicians and was engaged in fee splitting with unlicensed individuals. The plaintiffs moved to preliminarily enjoin, among others, RMH, its agents, servants, employees, and all persons acting on its behalf, during the pendency of this action, from, among other things, "filing, commencing and/or instituting against plaintiffs any new actions, arbitrations or other proceedings seeking reimbursement for no-fault benefits," and "staying all currently pending actions, arbitrations or other proceedings instituted by and/or on behalf of [RMH] against plaintiffs involving reimbursement for no-fault benefits." The appellants cross-moved pursuant to CPLR 7503 (a) to compel arbitration and to stay all further proceedings in the action.

The Supreme Court granted the preliminary injunction sought by the plaintiffs and denied the appellants' cross motion.

"To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury if a preliminary injunction is not granted, and (3) a balance of equities in his or her favor" (*M.H. Mandelbaum Orthotic & Prosthetic Servs., Inc. v Werner*, 126 AD3d 859, 860 [2015]; *see* CPLR 6301; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *Arthur J. Gallagher & Co. v Marchese*, 96 AD3d 791, 791-792 [2012]). "The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court" (*Arthur J. Gallagher & Co. v Marchese*, 96 AD3d at 792; *see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]).

Here, the plaintiffs demonstrated a likelihood of success on the merits on their declaratory judgment causes of action. "Insurance Law § 5102 *et seq.* requires no-fault carriers to reimburse patients (or, as in this case, their medical provider assignees) for 'basic economic loss' " (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 320 [2005]). However, "[a] provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York" (11 NYCRR 65-3.16 [a] [12]). "State law mandates that professional service corporations be owned and controlled only by licensed professionals" (*One Beacon Ins. Group, LLC v Midland Med. Care, P.C.*, 54 AD3d 738, 740 [2008]), and provides that a professional service corporation may issue shares only to individuals, inter alia, "who are or have been engaged in the practice of such profession in such corporation or a predecessor entity" (Business Corporation Law § 1507 [a]). In this case, the plaintiffs established that RMH provided only radiological services consisting of X rays, and MRI and CT scans, and produced an affidavit from Raia, in which he admitted that he had "no training or experience in the field of radiology, including the performance and/or interpretation of MRI studies and/or x-rays." Raia also averred that he did not consider himself "competent [in] either (i) interpreting MRI studies and/or x-ray studies that are performed on patients; or (ii) supervising the interpretations of MRI studies and/or x-ray studies." The plaintiffs also submitted an affidavit from an investigator for the plaintiff Liberty Mutual Insurance Company within its Special Investigations Unit, who concluded that RMH was merely a "reincarnation" of Socrates Medical

Health, P.C. (hereinafter Socrates), a predecessor professional corporation purportedly owned by Raia which was actually controlled by a nonphysician. The investigator indicated, among other things, that Socrates's medical director, who was also RMH's initial medical director, had previously faced "charges by the Attorney General of New Jersey that included being employed by unlicensed MRI facilities and negligently misreading MRI studies," and had "agreed to pay $60,000.00 and be subject to monitoring for two years." Thus, the plaintiffs' submissions demonstrated a likelihood of success on the merits.

Further, under the circumstances of this case, the plaintiffs demonstrated the likelihood of irreparable injury absent the granting of the preliminary injunction, based on the multiplicity of actions and arbitrations, and the risk of inconsistent results (*see Ansonia Assoc. v Ansonia Residents' Assn.*, 78 AD2d 211, 219 [1980]; *21st Century Advantage Ins. Co. v Cabral*, 35 Misc 3d 1240[A], 2012 NY Slip Op 51086[U] [Sup Ct, Nassau County 2012]; *St. Paul Travelers Ins. Co. v Nandi*, 15 Misc 3d 1145[A], 2007 NY Slip Op 51154[U] [Sup Ct, Queens County 2007]; *Allstate Ins. Co. v Elzanaty*, 929 F Supp 2d 199, 221-222 [ED NY 2013]; *cf. Matter of Countrywide Ins. Co. v DHD Med., P.C.*, 86 AD3d 431, 431 [2011]). The plaintiffs submitted evidence of well over 100 pending actions and open arbitrations commenced against them by RMH. Lastly, the plaintiffs established that the balance of the equities was in their favor.

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for a preliminary injunction against RMH and denied the appellants' cross motion pursuant to CPLR 7503 (a) to compel arbitration and stay all further proceedings in the action. Rivera, J.P., Roman, Maltese and Duffy, JJ., concur.