■ NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA et al., Respondents, v ACUHEALTH ACUPUNCTURE, P.C., et al., Appellants. [64 NYS3d 688]—

In an action, inter alia, for a judgment declaring that the plaintiffs are not obligated to pay any past, pending, or future claims for no-fault benefits submitted to them by the defendants, the defendants appeal from an order of the Supreme Court, Nassau County (Bruno, J.), entered January 28, 2016, which granted the plaintiffs' motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the complaint is denied.

The plaintiffs, which issue automobile insurance policies

that include coverage under the No-Fault Automobile Insurance Law (*see* Insurance Law § 5101 *et seq.*), commenced this action against the defendants, five professional medical service corporations. The complaint sought, inter alia, a judgment declaring that the plaintiffs are not obligated to pay any past, pending, or future claims for no-fault benefits submitted to them by the defendants on the basis that the defendants were fraudulently incorporated in the names of licensed medical professionals, while in fact they were owned, operated, and controlled by Andrey Anikeyev, a nonphysician. The plaintiffs moved for summary judgment on the complaint. The Supreme Court granted the motion, and the defendants appeal.

"Insurance Law § 5102 *et seq.* requires no-fault carriers to reimburse patients (or, as in this case, their medical provider assignees) for 'basic economic loss' " (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 320 [2005]). However, "[a] provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York" (11 NYCRR 65-3.16 [a] [12]). "State law mandates that professional service corporations be owned and controlled only by licensed professionals" (*One Beacon Ins. Group, LLC v Midland Med. Care, P.C.*, 54 AD3d 738, 740 [2008]; *see* Business Corporation Law §§ 1503 [a]; 1507, 1508). Thus, an insurance carrier may withhold payment for medical services provided by a professional corporation which has been "fraudulently incorporated" to allow nonphysicians to share in its ownership and control (*State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d at 319, 321; *see Andrew Carothers, M.D., P.C. v Progressive Ins. Co.*, 150 AD3d 192, 194 [2017]; *Liberty Mut. Ins. Co. v Raia Med. Health, P.C.*, 140 AD3d 1029, 1030-1032 [2016]; *One Beacon Ins. Group, LLC v Midland Med. Care, P.C.*, 54 AD3d at 739-740).

Here, the plaintiffs failed to meet their prima facie burden of demonstrating that the defendants were fraudulently incorporated in this manner. In support of their motion, the plaintiffs submitted nothing more than Anikeyev's plea of guilty to a federal court Information that charged him generally with mail and health care fraud, and charged that substantial funds held in the defendants' accounts were subject to forfeiture. The Information does not describe the manner in which the fraud was committed or how the funds came to be held in the defendants' accounts. Thus, this evidence did not demonstrate, prima facie, that Anikeyev exercised dominion and control over the

defendants and their assets and shared the risks, expenses, and interest in their profits and losses, or that he had a significant role in the guidance, management, and direction of their business (*see Andrew Carothers, M.D., P.C. v Progressive Ins. Co.*, 150 AD3d at 201). Moreover, even assuming, as the plaintiffs do, that the presence of the forfeited funds in the defendants' bank accounts demonstrated some level of control by Anikeyev over the bank accounts, such control could not, on its own, support a finding that he owned and controlled the defendants (*id.* at 202).

Since the plaintiffs failed to demonstrate their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment without regard to the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the defendants' remaining contentions. Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.