Matter of Country-Wide Ins. Co. v Bay Needle Acupuncture, P.C. (2018 NY Slip Op 08238)





Matter of Country-Wide Ins. Co. v Bay Needle Acupuncture, P.C.


2018 NY Slip Op 08238


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7768 651296/15

[*1]In re Country-Wide Insurance Company, Petitioner-Appellant,
v
Bay Needle Acupuncture, P.C., as assignee of Jasmine Walker, Respondent-Respondent.


Thomas Torto, New York (Jason Levine of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered June 5, 2017, in favor of respondent, unanimously affirmed, with costs, and the matter is remanded to Supreme Court for a determination of respondent's reasonable attorneys' fees for this appeal.
Petitioner failed to demonstrate that the arbitration award underlying the judgment was irrational and incorrect as a matter of law and that therefore the master arbitrator exceeded his power in affirming it (see CPLR 7511[b][1][iii]). Petitioner's primary argument is that the no-fault arbitrator's refusal to accept its untimely opposition papers asserting a Mallela defense (State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313 [2005]) was irrational and incorrect because such a defense may not be waived or precluded on the ground of untimeliness (see Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co., 149 AD3d 828 [2d Dept 2017]). We reject this argument.
We find that petitioner's defense is not a Mallela defense. It is based on the guilty plea of Andrey Anikeyev, who, according to petitioner, is respondent's "de facto owner," to conspiracy to commit health care fraud and mail fraud. Anikeyev pleaded guilty to billing insurance companies "for health care services for time periods in excess of the actual time period the patient spent with [the] acupuncturist." This plea supports nothing more than "a defense that the billed-for services were never rendered," which is "more like a normal' exception from coverage (e.g., a policy exclusion) [than] a lack of coverage in the first instance" (Fair Price Med. Supply Corp. v Travelers Indem. Co., 10 NY3d 556, 565 [2008]), and therefore does not fall into the "settled law recognizing a narrow exception to the 30-day deadline for defenses based on lack of coverage" (Matter of MVAIC v Interboro Med. Care & Diagnostic PC, 73 AD3d 667 [1st Dept 2010] [citation omitted]).
Petitioner failed to present any evidence that respondent was improperly or fraudulently incorporated. In fact, there is no evidence in this record that Andrey Anikeyev was the owner of respondent so that his actions could be imputed to respondent. In any event, Anikeyev's guilty plea does not amount to an admission of improper incorporation.
Respondent is entitled to reasonable attorneys' fees for this appeal, to be determined by [*2]Supreme Court (11 NYCRR 65-4.10[j][4]; see Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407 [1st Dept 2018]).
We have considered petitioner's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK