Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co. (2019 NY Slip Op 07265)





Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co.


2019 NY Slip Op 07265


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-03468
 (Index No. 3129/16)

[*1]In the Matter of.S. Care Acupuncture, P.C., etc., respondent, 
v
Country-Wide Ins. Co., appellant.


Jaffe & Koumourdas, LLP (Thomas Torto and Jason Levine, New York, NY, of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated January 26, 2016, Country-Wide Ins. Co. appeals from a judgment of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated October 21, 2016. The judgment, upon an order of the same court dated October 20, 2016, granting the petition, vacating the master arbitrator's award dated January 26, 2016, and confirming the original arbitrator's award dated September 22, 2015, is in favor of the petitioner and against Country-Wide Ins. Co. in the total sum of $8,319.61.
ORDERED that the judgment is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of an additional attorney's fee to be awarded to the petitioner pursuant to Insurance Department Regulations (see 11 NYCRR 65-4.10[j][4]).
V.S. Care Acupuncture, P.C. (hereinafter V.S.), is the assignee of a claim for no-fault benefits for treatment it rendered to Morris Collins. The carrier, Country-Wide Ins. Co. (hereinafter Country-Wide), denied the claim on several grounds. Country-Wide contended that Collins had not appeared at scheduled independent medical examinations and that V.S. had failed to appear at scheduled examinations under oath. Country-Wide also contended that V.S. was fraudulently incorporated (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313). V.S. submitted the claim to arbitration. The arbitrator accepted Country-Wide's contention regarding Collins's failure to appear at independent medical examinations, but rejected Country-Wide's contention regarding V.S.'s failure to appear at examinations under oath. The arbitrator also rejected Country-Wide's contention as to V.S.'s alleged fraudulent incorporation, finding that Country-Wide had not met its burden of proof. Accordingly, the arbitrator entered an award for the portion of the claim she found Country-Wide had improperly denied.
On Country-Wide's appeal to a master arbitrator, the master arbitrator found, as relevant to this appeal, that the original arbitrator's determination to reject the fraudulent incorporation defense was irrational, arbitrary, capricious, and incorrect as a matter of law. The master arbitrator vacated the original arbitrator's award and remitted the matter to a new arbitrator on the issue of fraudulent incorporation. V.S. commenced this proceeding pursuant to CPLR article [*2]75 to vacate the master arbitrator's award. The Supreme Court granted the petition, vacated the master arbitrator's award, confirmed the original arbitrator's award, and entered a judgment accordingly. Country-Wide appeals.
A master arbitrator may not review the facts by weighing the evidence, assessing the credibility of witnesses, or making independent findings of fact (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212). A master arbitrator's review powers, however, do include reviewing the facts to determine "whether or not the evidence is sufficient, as a matter of law, to support the determination of the arbitrator" (id. at 212). Here, there is no rational basis for the determination of the master arbitrator that the original arbitrator committed an error of law in rejecting Country-Wide's fraudulent incorporation defense (cf. Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d 407; Nationwide Affinity Ins. Co. of Am. v Acuhealth Acupuncture, P.C., 155 AD3d 885, 886-887). Accordingly, we agree with the Supreme Court that the master arbitrator's award should be vacated and the original arbitrator's award confirmed.
Moreover, as V.S. contends and Country-Wide concedes, V.S. is entitled to an attorney's fee for this appeal pursuant to 11 NYCRR 65-4.10(j), to be fixed by the Supreme Court (see Matter of Country-Wide Ins. Co. v Bay Needle Acupuncture, P.C., 167 AD3d 404, 405; Matter of Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 162 AD3d at 408; Matter of GEICO Ins. Co. v AAAMG Leasing Corp., 148 AD3d 703, 706). The matter is therefore remitted to the Supreme Court, Kings County, for that purpose.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court