Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co. (2019 NY Slip Op 07264)





Matter of V.S. Care Acupuncture, P.C. v Country-Wide Ins. Co.


2019 NY Slip Op 07264


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-03467
 (Index No. 417/15)

[*1]In the Matter of.S. Care Acupuncture, P.C., etc., respondent, 
v
Country-Wide Ins. Co., appellant.


Jaffe & Koumourdas, LLP (Thomas Torto, New York, NY, of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated October 10, 2014, Country-Wide Ins. Co. appeals from a judgment of the Supreme Court, Kings County (Larry D. Martin, J.), dated February 6, 2017. The judgment, upon an order of the same court dated September 23, 2015, granting the petition, vacating the master arbitrator's award dated October 10, 2014, and directing entry of a judgment in favor of the petitioner in the principal sum of $3,650 plus statutory interest, attorneys' fees, and costs and disbursements, is in favor of the petitioner and against Country-Wide Ins. Co. in the total sum of $10,469.82.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, the master arbitrator's award dated October 10, 2014, is confirmed, and the order dated September 23, 2015, is modified accordingly.
V.S. Care Acupuncture, P.C. (hereinafter V.S.), is the assignee of a claim for no-fault benefits for treatment it rendered to Eric Pascal. After the carrier, Country-Wide Ins. Co. (hereinafter Country-Wide), denied the claim, V.S. submitted the claim to arbitration. The arbitrator denied V.S.'s claim, finding that the evidence established that V.S. was fraudulently incorporated (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313). On appeal, a master arbitrator affirmed the original arbitrator's award, finding that it was not arbitrary and capricious. V.S. then commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. The Supreme Court granted the petition, vacated the master arbitrator's award, and entered a judgment in favor of V.S. in the amount of the claim for no-fault benefits plus statutory interest, attorneys' fees, and costs and disbursements. Country-Wide appeals.
Contrary to the Supreme Court's determination, V.S. failed to demonstrate any grounds for vacating the master arbitrator's award. A court reviewing the award of a master arbitrator is limited to the grounds set forth in CPLR article 75, which include, in this compulsory arbitration, the question of whether the determination had evidentiary support, was rational, or had a plausible basis (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212). Here, as explained in this Court's decision and order in Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co. (___ AD3d ___ [Appellate Division Docket No. 2017-03466; decided herewith]), since the determination of the master arbitrator affirming the original arbitrator's award had evidentiary [*2]support and was not irrational, it is not subject to vacatur by the courts (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223-224; Matter of Acuhealth Acupuncture, P.C. v New York City Tr. Auth., 167 AD3d 869), even if the master arbitrator committed an error of law (see Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 535; Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 223-224; cf. Nationwide Affinity Ins. Co. of Am. v Acuhealth Acupuncture, P.C., 155 AD3d 885, 886-887). Accordingly, the petition should have been denied and the master arbitrator's award should have been confirmed.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court