Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co. (2019 NY Slip Op 07246)





Matter of Acuhealth Acupuncture, P.C. v Country-Wide Ins. Co.


2019 NY Slip Op 07246


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2017-03466
 (Index No. 416/15)

[*1]In the Matter of Acuhealth Acupuncture, P.C., etc., respondent, 
v
Country-Wide Ins. Co., appellant.


Jaffe & Koumourdas, LLP (Thomas Torto, New York, NY, of counsel), for appellant.
Gary Tsirelman, P.C., Brooklyn, NY (Stefan Belinfanti and David M. Gottlieb of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to vacate an award of a master arbitrator dated October 10, 2014, Country-Wide Ins. Co. appeals from a judgment of the Supreme Court, Kings County (Bernard J. Graham, J.), dated July 31, 2015. The judgment, upon an undated order of the same court granting the petition, vacating the master arbitrator's award dated October 10, 2014, and remitting the matter to arbitration, is in favor of the petitioner and against Country-Wide Ins. Co. in the total sum of $625.
ORDERED that the judgment is reversed, on the law, with costs, the petition is denied, the master arbitrator's award dated October 10, 2014, is confirmed, and the undated order is modified accordingly.
Acuhealth Acupuncture, P.C. (hereinafter Acuhealth), is the assignee of a claim for no-fault benefits for treatment it rendered to Hector Rojos. After the carrier, Country-Wide Ins. Co. (hereinafter Country-Wide), denied the claim, Acuhealth submitted the claim to arbitration. The arbitrator denied Acuhealth's claim, finding, inter alia, that the evidence established that Acuhealth was fraudulently incorporated and thus not entitled to reimbursement under the No-Fault Law (see State Farm Mut. Auto. Ins. Co. v Mallela, 4 NY3d 313, 320-321).
On appeal, a master arbitrator affirmed the original arbitrator's award in favor of Country-Wide. Acuhealth then commenced this proceeding pursuant to CPLR article 75 to vacate the master arbitrator's award. The Supreme Court determined that a prior Supreme Court determination involving the same parties was entitled to preclusive effect. Accordingly, the court granted Acuhealth's petition, vacated the master arbitrator's award, remitted the matter to arbitration, and awarded Acuhealth costs and disbursements in the sum of $625. Country-Wide appeals.
We disagree with the Supreme Court's determination that Acuhealth was entitled to vacatur of the master arbitrator's award on the ground of collateral estoppel. The prior decision on which the court relied merely stated that Acuhealth's petition to vacate a master arbitrator's award was granted, without indicating on what basis the petition was granted or what issues were being decided and in what manner. Under those circumstances, Acuhealth failed to establish that the issue on which it sought collateral estoppel effect in this proceeding was identical to an issue which was [*2]raised and necessarily decided in the prior proceeding (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349; Von Maack v Wyckoff Hgts. Med. Ctr., 140 AD3d 1055, 1056).
Acuhealth failed to demonstrate any additional ground for vacating the master arbitrator's award. "[A]n arbitrator's rulings, unlike a trial court's, are largely unreviewable" (Matter of Falzone [New York Cent. Mut. Fire Ins. Co.], 15 NY3d 530, 534). A court reviewing the award of a master arbitrator is limited to the grounds set forth in CPLR article 75, which include, in this compulsory arbitration, the question of whether the determination had evidentiary support, was rational, or had a plausible basis (see Matter of Petrofsky [Allstate Ins. Co.], 54 NY2d 207, 212). Notably, the master arbitrator's review power is broader than that of the courts' because it includes the power to review for errors of law (see id. at 211-212; 11 NYCRR 65-4.10[a][4]). In contrast, the courts "generally will not vacate an arbitrator's award where the error claimed is the incorrect application of a rule of substantive law, unless it is so irrational as to require vacatur" (Matter of Smith [Firemen's Ins. Co.], 55 NY2d 224, 232 [citations and internal quotation marks omitted]; see Matter of Liberty Mut. Ins. Co. v Spine Americare Med., 294 AD2d 574, 576).
Here, since Country-Wide submitted evidence tending to support its fraudulent incorporation defense, it cannot be said that the determination of the master arbitrator affirming the original arbitrator's award lacked evidentiary support. Nor can it be said that the determination to affirm the original arbitrator, who supported her determination with reasons based on the evidence, lacked a rational basis. Thus, even if it was an error of law to conclude that Country-Wide proved its defense as a matter of law (see Nationwide Affinity Ins. Co. of Am. v Acuhealth Acupuncture, P.C., 155 AD3d 885, 886-887), the master arbitrator's determination is not subject to vacatur by the courts on the mere basis of that error of law (see Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223-224; Matter of Acuhealth Acupuncture, P.C. v New York City Tr. Auth., 167 AD3d 869). Notably, this Court's decision in Nationwide Affinity, which is contrary to the conclusion of the master arbitrator in this case, was not published until after the master arbitrator's award was rendered. Moreover, Country-Wide submitted evidence in support of its defense which, while inadmissible, could be considered by the original arbitrator in this case, who, unlike a court deciding a summary judgment motion like that at issue in Nationwide Affinity, was not bound by the rules of evidence (see Matter of Fagan v Village of Harriman, 140 AD3d 868).
Accordingly, the petition should have been denied and the master arbitrator's award should have been confirmed.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court