Brookside Physical Therapy v MVAIC (2021 NY Slip Op 50998(U))

[*1]

Brookside Physical Therapy v MVAIC

2021 NY Slip Op 50998(U) [73 Misc 3d 132(A)]

Decided on October 26, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 26, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., McShan, Hagler, JJ.

570104/21

Brookside Physical Therapy a/a/o Crummell
Curtis, Plaintiff-Respondent,
against
MVAIC, Defendant-Appellant.

Defendant appeals from an order of the Civil Court of the City of New York, New York
County (Jose A. Padilla, Jr., J.), entered November 5, 2020, which denied its motion for
summary judgment dismissing the complaint.

Per Curiam.
Order (Jose A. Padilla, Jr., J.), entered November 5, 2020, reversed, with $10 costs, motion
granted, and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendant MVAIC's submission in support of its motion for summary judgment established,
prima facie, that there had been no timely filing of a notice of intention to make claim (see
Insurance Law § 5208[a]) and that no notice of the accident had been given "to a police,
peace, or judicial officer" within 24 hours of the alleged occurrence (Insurance Law §
5208[a][2][A]). Thus, conditions precedent to plaintiff's right to apply for payment of no-fault
benefits from defendant had not been satisfied (see SML Acupuncture P.C. v MVAIC, 55 Misc 3d 138[A], 2017
NY Slip Op 50539[U] [App Term, 1st Dept 2017]; Karina K. Acupuncture PC v MVAIC, 55 Misc 3d 138[A], 2017
NY Slip Op 50537[U] [App Term, 1st Dept 2017]). In opposition, plaintiff failed to raise any
triable issue. MVAIC's failure to timely deny the claim does not preclude it from asserting a lack
of coverage defense (see Matter of
MVAIC v Interboro Med. Care & Diagnostic PC, 73 AD3d 667 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 26, 2021